IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

FILED ___ ENTERED
___ RECEIVED
MAY 31 2011
___ DISTRICT COURT
DISTRICT OF MARYLAND
___ DEPUTY

DARRYL L. BROWN, individually and on behalf of any and all similarly situated consumers

Plaintiffs,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC

Defendant.

Civil Action No.:

**CLASS ACTION COMPLAINT**

L11 CV 1469

**DEMAND FOR JURY TRIAL**

Plaintiff DARRYL L. BROWN ("Plaintiff"), by and through Pro Se representation, as and for its Class Action Complaint against the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation of § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

2. Plaintiff is a resident of the State of Maryland.

3. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a Virginia corporation engaged in business of collecting debts

with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

5. PORTFOLIO RECOVERY ASSOCIATES, LLC is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court also has pendent jurisdiction over the state law claim in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumners whom Defendant's records reflect resided in the State of Maryland, along with their successors in interest, who have received similar debt collection letters and/or communications from the Defendant seeking payment of an alleged consumer debt due to PORTFOLIO RECOVERY ASSOCIATES, LLC which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons, who are officers, directors, employees, associates or partners of PORTFOLIO RECOVERY ASSOCIATES, LLC.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection letters and/or communications from the Defendant which violates various provisions of the FDCPA.

12. The debt collection letters and/or communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (I) Whether the Defendant violated various provisions of the FDCPA; (II) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (III) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (IV) Whether Plaintiff and the Class are entitled to declaratory and injunctive relief.

14. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal

means of enforcing the FDCPA as codified by 15 U.S.C. §1692(k).

16. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19. Plaintiffs will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sough herein.

20. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

21. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making

appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL ALLEGATIONS**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. On information and belief, on a date better known to the Defendant, Portfolio Recovery Associates LLC either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to Portfolio Recovery Associates LLC for collection ("the alleged debt").

24. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

25. On information and belief, on a date better known to the Defendant, Defendant began collecting the alleged debt from the Plaintiff by sending a collection letter.

26. Defendant's collection letters are pre-printed, mass-produced communications.

27. Defendant's collection letter to Plaintiff is dated February 22, 2011 ("2/22/11 Letter"). A true and correct copy of the 2/22/11 Letter is attached hereto as **Exhibit A.**

28. Defendant's 2/22/11 Letter is the initial communication with the Plaintiffs.

29. Defendant's 2/22/11 Letter does not contains a written notice to the Plaintiffs of their right to dispute in writing the validity of the debt or any portion thereof within 30

days of the initial 2/22/11 Letter communication; that if the debt is disputed, the Defendant will obtain verification of the debt or copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer; and that upon the Plaintiffs request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required by 15 U.S.C. §1692g.

30. Defendant's 2/22/11 Letter states, "...we've helped many people resolve their debt, let us help you. **CALL NOW** and take advantage of the **INCREDIBLE SAVINGS** we are offering you. Our representatives are ready to help resolve your account.

31. Defendant's 2/22/11 Letter states, "it's 2011 and we have special offers just for you! make getting out of debt your 2011 New Year's resolution. Take advantage of the New Year **SAVINGS** we have created to fit your budget. **Signle Payment Settlement Option** *One payment of **$374.00** SAVE $373.23 **3 Months Settlement Plan** *Pay **$137.00** for **3 consecutive months** *SAVE $336.23 **12 Month Settlement Plan** *Pay **$37.00** for **12 consecutive months** *SAVE $303.23 Your first payment must be received **NO LATER** than 03/31/11. Your account will be considered settled in full after we post your final payment."

32. Defendant's 2/22/11 Letter states, "credit card payments- third party vendors may charge a transaction fee for processing payments made by credit card payments; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions."

33. Defendant's 2/22/11 Letter states, "our company strives to provide professional and courteous service to all our customers."

34. In Defendant's 2/22/11 Letter there was no **validation notice** as required by 15 U.S.C. §1692g(a)(3). The statute requires that a validation notice contain: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that the debtor may dispute the debt's validity within 30 days of receipt of the communication; (4) a statement that if the debtor does dispute the debt within 30 days, the debt collector shall send the debtor a verification of the debt or a copy of a judgment entered against him; and (5) a statement that if requested within the 30 day period, the debt collector will send to the debtor the name and address of the original creditor if different from the current one.

35. It is apparent from the following above paragraphs (3), (4), and (5) were not fulfilled as required by the statute. The Defendant was obligated to advise Plaintiffs of their validation rights altogether by initiating litigation. Under the Fair Debt Collection Practices Act, a debt collector is required to include the above information in a debt collection letter to a consumer.

36. The debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.

37. Under the FDCPA, the goal of the initial communication is to advise the debtor of his rights and obligation to his creditor.

The Plaintiffs was not made aware of any of his validation rights as required by the statute.

38.  Title 15 U.S.C. §1692g requires the debt collector to include the validation notice in the initial communication or within five days thereof, Title 15 U.S.C. §1692g(a), and there is a dispute that Portfolio Recovery Associates, LLC did not complied with this provision. Thus, Portfolio Recovery Associates, LLC's failure to include the validation notice in February 22 Letter did violate Title 15 U.S.C. §1692g.

39.  15 U.S.C. § 1692g(a)(3). To be adequate, the **validation notice** must be placed in such a way to be easily readable, and must be prominent enough to be notice by an unsophisticated consumer. The notice also must not be overshadowed or contradicted by other messages.

40.  Defendant's 2/22/11 Letter imparted the impression that Plaintiffs does not have any other rights other than to accept the listed payment options. Furthermore, it created the impression that the validation notice does not exist.

41.  The emphasis on "Getting Out of Debt" action also stands in contradiction to the FDCPA which provides consumers a thirty day period to decide to request validation. A consumer who received Portfolio Recovery Associates, LLC's form could easily be confused between the **"getting out of debt"** and **"take advantage of the new year saving we have created to fit your budget,"** and the thirty day response time contemplated by the statute.

42.   The validation of debts provision is a significant feature of this legislation, the intent being to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." This legislation was designed to protect a consumer who is not aware of the complexities of the law and therefore must be given notice adequate to inform him of his rights under the law. The language on the front of Portfolio Recovery Associates, LLC's letter would indicate to any reasonable person reading it that he must act by March 03, 2011 or lose the opportunity to get out of debt and face further proceedings against him.

43.   There is nothing on the face of that February 22, 2011 letter to give the consumer any indication that he may have another alternative. The "we are not obligated to renew this offer," to the consumer, therefore, is that he has until March 03, 2011 to accept one of the payment options in which to pay the alleged debt or face some further proceeding by the debt collector.

44.   Since the Act specifically gives the consumer thirty days in which to dispute the validity of that debt, the language in the 2/22/11 Letter of Portfolio Recovery Associates, LLC is, at best, misleading. Without some clearly visible reference to the statutorily mandated language in the letter, the consumer is not put on notice of his right to challenge the validity of the debt, thereby defeating the intent of the legislation to eliminate dunning of the wrong person or attempts to collect debts which the consumer has already paid.

45. Defendant's 2/22/11 Letter violated Title 15 U.S.C. §1692e. Because the letter contained language that created an ambiguity that overshadowed or contradicted the statutorily required validation notice, the letter was false, misleading or deceptive, in violation of Title 15 U.S.C. §1692e.

46. The validation notice, which notifies consumers of their rights under §1692g(a)(3), was not in the Defendant's 2/22/11 Letter and the demand for payment within thirty days of the date of the letter flatly contradicts the information in the validation notice that would allow thirty days from the date the letter was received to dispute the validity of the debt.

47. To hold that amy demand for payment within the validation period violates the FDCPA because the consumers would be confused by the stated ability to also contest the debt within the same time frame.

48. The contradiction and overshadowing in Defendant's 2/22/11 letter that made immediate demands for payment in white letters on a bold background, while the validation notice did not appeared on the front or back of the letter, was without a doubt misleading representation which violated §1692e(10).

49. Defendant violated 15 U.S.C. §1692e-preface, (2), and (10) and §1692f-preface and (1) by using an unfair and unconscionable means to collect a debt by attempting to collect an "payment settlement option" not expressly authorized by the agreement creating the debt or permitted by law. Further, Defendant failed to disclose to Plaintiff the amount of the debt, interest, fees, and other charges as further required by §1692g.

50. Plaintiff never signed an agreement with Providian Bank agreeing to pay interests, fees, collection fees, and/or any other monetary charges. Such fees are not authorized by law or contract.

51. Defendant violated 15 U.S.C. §1692-preface; 1692e-preface, (7), and (10); §1692f-preface by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in its use of intimidating and persuasive language in the February 22, 2011 Letter with the natural consequence of coercing payment and disgracing Plaintiffs.

52. Defendant violated 15 U.S.C. §1692d-preface; §1692e-preface, (2), (7), and (10); and §1692f-preface by being deceptive and misleading in stating that Plaintiffs' first payment must be received no later than March 31, 2011 because according to the defendant they were not obligated to renew this offer which is false and unfair and further implies that Plaintiffs does not have any validation rights.

53. Defendant violated 15 U.S.C. §1692e-preface, (2), and (10); and §1692f-preface by being deceptive and misleading in the February 22, 2011 Letter because it did not advised Plaintiffs' of their validation rights as required by law.

54. Defendant violated 15 U.S.C. §1692d-preface; §1692e-preface, (2)(5)(7), and (10); and §1692f-preface by being deceptive and misleading in misrepresenting the urgency and immediacy with which Plaintiff has to resolve the alleged debt.

55. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

56. Defendant violated the FDCPA.

57. Due to the Defendant's gross violations of the FDCPA the Plaintiff and other similarly situated class members have been damaged.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provision of the FDCPA, including but not limited to the following:

   a.   15 U.S.C. §1692d-preface.
   b.   15 U.S.C. §1692e-preface, (2), (5), (7), (10).
   c.   15 U.S.C. §1692f-preface, (1).
   d.   15 U.S.C. §1692g-preface, (a), (3), (4) (5).

60. As a result of defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

### SECOND CLAIM FOR RELIEF
### MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW §14-201, et seq.

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62. Defendant is a "collector" as defined under MD. Code Comm. Law §14-201(b).

63. The alleged debt is a "consumer transaction" as defined under MD. Code Comm. Law §14-201(c).

64. Defendant's contacted the Plaintiff with the intent to disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false under MD. Code Comm. Law §14-202(3).

65. Defendant's contacted the Plaintiff with intent to harass or abuse and deceive under MD. Code Comm. Law §14-202(6).

66. Defendants coercing action and rights when communicating with Plaintiffs, in violation of MD. Code Comm. Law §14-202(8).

67. Plaintiffs are entitled to damages proximately caused by the Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff DARRYL L. BROWN and class members demand judgment from the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); MD Code Comm. Law §14-203; MD. Ann. Code Bus. Reg. §7-401(b).

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

E.     A declaration that the Defendant's practices violated

F.     Punitive damages.

G.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff DARRYL L. BROWN and class members hereby respectfully request a trial by jury for all claims and issues in its Class Action Complaint to which it is or may be entitled to a jury trial.

Dated:     May 05, 2011

Respectfully submitted,

By: _____
Pro Se Litigant
Darryl Lee Brown
Federal Registered No.
46446-066
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501